UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-288-FDW

| | |
|---|---|
| DEREK MICHAEL THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JAMES HARWOOD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

I. BACKGROUND

*Pro se* incarcerated Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983. Plaintiff names as the sole Defendant Madison County Sheriff James Harwood.[1] Construing the Complaint liberally and accepting the allegations as true, Plaintiff appears to allege that he was incarcerated at the Madison County Jail on January 7, 2017, when he was moved from his cell to a group holding cell in booking as punishment. He was left there for three days with no mat or blanket. He was not allowed to shower, brush his teeth, or have his clothes laundered. He was not given his medication for depression on January 7. He was expected to sleep on steel and concrete despite having been medically approved for two mats due to arthritis. The temperature on January 7 dropped to 19 degrees. The cell was not heated and he did not have hot water. Plaintiff was left to shiver for three days. He was unable to sleep for more than a few minutes at ta time due to

---

[1] Mr. Harwood is now Sheriff of Madison County.

1

exhaustion. At one point, he cried and a tear froze to his check. One officer was sympathetic to his plight but the others were "negligent[ly] indifferen[t] so as not to oppose their boss." (Doc. No. 1 at 4). Plaintiff seeks $75,000 for pain, suffering, and psychological trauma.

## II. INITIAL REVIEW STANDARD

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

The plain text of the Prison Litigation Reform Act ("PLRA") bars an inmate from seeking damages for mental or emotional injury suffered while in custody absent a showing of physical injury or a sexual act. 42 U.S.C. § 1997e(e). See Perkins v. Dewberry, 139 Fed. Appx. 599 (4th Cir. 2005) (unpublished) (stating that "*de minimis* physical injuries cannot support a claim for mental or emotional injury."); Mayfield v. Fleming, 32 Fed. Appx. 116 (4th Cir. 2002) (unpublished) (stating that "the district court correctly concluded that [plaintiff's] claim for money damages is barred because he can show no physical injury."). Section 1997e(e) does not prevent an inmate from seeking nominal damages, or declaratory or injunctive relief. See generally Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 308 n.11 (1986) (stating that "nominal damages, and not damages based on some undefinable 'value' of infringed rights, are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury....").

Although Plaintiff has alleged that he suffered discomfort due to temperature and other conditions for three days, he has failed to allege that he suffered any physical injury whatsoever. Therefore, his claim for $75,000 compensatory damages for pain, suffering, and psychological

3

trauma, is barred by the PLRA.

## IV. CONCLUSION

For the reasons stated herein, the Complaint is deficient and subject to dismissal. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against each of the defendants. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** as facially insufficient pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed

4

without prejudice and closed without further notice to Plaintiff.

3. The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

Signed: August 13, 2018

Frank D. Whitney
Chief United States District Judge