UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-288-FDW

| DEREK MICHAEL THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| JAMES HARWOOD, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Amended Complaint, (Doc. No. 10). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

## I. BACKGROUND

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Madison County Detention Center.[1] He names as the sole Defendant Madison County Sheriff James Harwood in his official capacity.

Construing the Complaint liberally and accepting it as true, Plaintiff was a pretrial detainee on January 7, 2017, when he was moved from his cell in the D-pod to the group holding cell in booking after he was caught hoarding medication. He was left there for three days by himself without a mat or blanket even though he is medically approved for two mats due to arthritis. He was not allowed to shower, brush his teeth, or have his clothes laundered. He was not given his anti-depressant medication on January 7. Plaintiff had to sit on cold concrete and steel in an unheated cell without hot water even though the temperature on January 7 was 19 degrees. Plaintiff

---

[1] Plaintiff's address of record is at the Buncomb County Detention Facility.

1

was unable to sleep for three days due to violent and painful shivering. At one point, Plaintiff cried. A tear froze to his cheek and he had to rip it off. After three days, an officer intervened and gave Plaintiff a mat and blankets. The rest of the officers either ignored Plaintiff or stated "you're to be given nothing, per the sheriff." (Doc. No. 10-1 at 1).

Plaintiff has witnessed and experienced at least 10 instances where people charged with sex offenses have been punished more "gratuitously" than others. (Doc. No. 10-1 at 1). Plaintiff had been at the facility for almost three years at the time of the incident and he was punished severely for his first pill hoarding offense. That same day, another inmate was caught hoarding medications for the fourth time in less than four months and he received no punishment.

Plaintiff seeks $75,000 in "nominal damages" for emotional and psychological trauma. (Doc. No. 10 at 5).

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of

2

Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III.    DISCUSSION**

**(1)    Individuals Not Named as Defendants**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Amended Complaint names several individuals whose "collective attitude was negligently indifferent" but who are not named as defendants in the caption as required by Rule 10(a). (Doc. No. 10-1 at 2). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Accordingly, the allegations against unnamed individuals will be dismissed without prejudice.

**(2)** **Sheriff Harwood**

Courts evaluate the conditions of confinement for pretrial detainees under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's prohibition of cruel and unusual punishment. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015). As a practical matter, the Eighth and Fourteenth Amendment analyses are indistinguishable in the conditions of confinement context. But see Id. at 2475 (unlike convicted prisoners, pretrial detainees cannot "be punished at all, much less 'maliciously and sadistically'"); see Lanier v. Henderson Cnty. Det. Ctr., 2016 WL 7007537 at *2, n. 3 (W.D.N.C. Nov. 29, 2016) (noting that the Supreme Court in Kingsley did not explicitly extend the objective reasonableness standard outside the excessive force context); see, e.g., Duff v. Potter, 665 Fed. Appx. 242, 244-45 (4th Cir. 2016) (applying the objective reasonableness standard to a detainee's excessive force claim but not his medical need claim). The Eighth Amendment "forbids the unnecessary and wanton infliction of pain." Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013) (internal quotation marks omitted). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit

inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34. Inmates' claims that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission ... result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298 (citing Rhodes, 452 U.S. at 347).

The only Defendant who Plaintiff names in the Amended Complaint is Madison County Sheriff James Harwood in his official capacity. (Doc. No. 10 at 2). "[T]he Eleventh Amendment does not bar a suit against a North Carolina sheriff in his official capacity…." Harter v. Vernon, 101 F.3d 334, 343 (4th Cir. 1996); see also Cash v. Granville County Bd. of Educ., 242 F.3d 219, 227 (4th Cir. 2001). A municipality is liable under § 1983 if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Only if a municipality subscribes to a custom, policy, or practice can it be said to have committed an independent act. Id. Under a theory of "condonation," a municipality violates § 1983 if municipal policymakers fail "to put a stop to or correct a

widespread pattern of unconstitutional conduct." Spell v. McDaniel, 824 F.2d 1380, 1389, 1390 (4th Cir.1987).

Plaintiff alleges that he was subjected to solitary confinement in an unheated cell for three days, deprivation of medication on one day, and deprivation of hot water, shower, and clean clothes. He claims that pretrial detainees who are accused of sexual offenses are routinely punished more severely than detainees who are accused of other offenses, and that other detention center employees told him that he was placed in the cold cell pursuant to the Sheriff's orders. He claims that this practice is widespread, having happened on at least 10 occasions during his three-year stay at the detention center, and that a four-time pill hoarder was not punished on the same day that he was punished for his first offense.

Plaintiff has adequately alleged that he was subjected to inhumane and deliberately cruel treatment for three days and that the punishment occurred pursuant to Sheriff Harwood's custom or policy of punishing sexual offense subjects more harshly than other pretrial detainees. Plaintiff's claim against Sheriff Harwood in his official capacity will be permitted to proceed.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's claim for unconstitutional conditions of confinement against Sheriff Harwood in his official capacity is sufficient to pass initial review pursuant to 28 U.S.C. § 1915. To the extent that Plaintiff intended to assert other claims, they are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's claim for unconstitutional conditions of confinement against Sheriff Harwood in his official capacity survives initial review under 28 U.S.C. § 1915.

2. The remaining claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on Defendant **Harwood**. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

Signed: September 18, 2018

Frank D. Whitney
Chief United States District Judge