UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-288-FDW

| | |
|---|---|
| DEREK MICHAEL THOMAS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   **ORDER** |
| | ) |
| JAMES HARWOOD, | ) |
| | ) |
|        Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant Harwood's Motion for Summary Judgment, (Doc. No. 26).

### I.    BACKGROUND

*Pro se* Plaintiff, who is currently incarcerated at the Lumberton Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Madison County Detention Center. He names as the sole Defendant Madison County Sheriff James Harwood in his official capacity. The Amended Complaint passed initial review on a claim regarding unconstitutional conditions of confinement. Defendant Harwood has now filed a Motion for Summary Judgment.

**(1)**    **Amended Complaint** (Doc. No. 10)

Plaintiff alleges that he was a pretrial detainee on January 7, 2017, when he was moved from his cell in the D-pod to the group holding cell in booking after he was caught hoarding medication. He was left there for three days by himself without a mat or blanket even though he is medically approved for two mats due to arthritis. He was not allowed to shower, brush his teeth, or have his clothes laundered during that time, and he was not given his anti-depressant medication

1

on January 7. Plaintiff had to sit on cold concrete and steel in an unheated cell without hot water even though the temperature on January 7 was 19 degrees. Plaintiff was unable to sleep for three days due to violent and painful shivering. At one point, Plaintiff cried and a tear froze to his cheek and he had to rip it off. After three days, an officer intervened and gave Plaintiff a mat and blankets. The rest of the officers either ignored Plaintiff or stated "you're to be given nothing, per the sheriff." (Doc. No. 10-1 at 1).

Plaintiff has witnessed and experienced at least 10 instances where people charged with sex offenses have been punished more "gratuitously" than others. (Doc. No. 10-1 at 1). Plaintiff had been at the facility for almost three years at the time of the incident and he was punished severely for his first pill hoarding offense. That same day, another inmate was caught hoarding medications for the fourth time in less than four months and he received no punishment.

Plaintiff seeks damages for emotional and psychological trauma.

**(2)** **<u>Defendant Harwood's Motion for Summary Judgment</u>** (Doc. No. 26)

Defendant Harwood argues that Plaintiff failed to demonstrate a civil rights violation because he was not subjected to inhumane conditions or deliberate indifference to a substantial risk of harm. There is no evidence that Plaintiff was forced to sleep on a cold floor without a mattress or blanket or that the Jail was so cold that it caused discomfort to anyone. Even if such had occurred, it would not rise to the level of a constitutional violation. Moreover, the affidavits filed by Defendant show that Plaintiff remained in his cell with other inmates and was not denied basic needs and did not make any complaints. There is no evidence that Plaintiff was deprived of medication for a day, hot water, a shower, a sink, and clothes. Even assuming that Plaintiff's allegations are true, he spent at most three days in a holding cell. To the extent that any of the conditions of confinement were less than ideal, they were not egregious enough to rise to the level

of a constitutional violation. Moreover, the forecast of evidence is insufficient to show that Sheriff Harwood violated Plaintiff's rights through official action, policy, or custom and Plaintiff's attempt to hold him liable through *respondeat superior* cannot support § 1983 liability.

**(3)** **Plaintiff's Response**

The Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on May 3, 2019 informing Plaintiff of the legal standards applicable to summary judgment motions and ordering him to file a response within 14 days. The Court cautioned Plaintiff that "[f]ailure to to file a timely and persuasive response will likely lead to the relief that Defendant [Harwood] seeks." (Doc. No. 28 at 3). Plaintiff has failed to file a response to the Motion for Summary Judgment and the time to do so has expired.

**(4)** **Evidence**[1]

**(A)** **Affidavit of Michelle Quintero** (Doc. No. 26-1)

Michelle Quintero, Jail Administrator for the Madison County Detention Center, is in charge of the Detention Center's daily operations and is the custodian of inmate records. Quintero reviewed Plaintiff's file including his housing inventory.

When inmates enter the Detention Center, they are issued a jumpsuit, boxer shorts, slide shoes, towel, sheet, blanket, soap, toothbrush, and toothpaste. Plaintiff had access to those items at all times. On January 7, 2017, Plaintiff was housed in D-pod 299-02, which is a regular housing unit consisting of two cells with four inmates each. See (Doc. No. 26-1 at 4). Each cell has four bunks, a shower, sink, and toilet. Plaintiff had access to the shower, sink, and toilet at all times.

---

[1] This section is not exhaustive.

North Carolina State Detention Center rules require that the temperature in the pods be maintained between 68 and 70 degrees. The Detention Center contracts with a local contractor, MB Haynes, to maintain the HVAC system; there were no heating issues in January 2017.

If an inmate has a grievance, they have access to a kiosk to file the grievance or can turn in a paper grievance. Quintero reviewed the grievance log for January 2017 and nobody complained about temperature issues. The only grievance that Thomas filed in January 2017 was dated January 15 and relates to a jumpsuit issue he had with another inmate. See (Doc. No. 26-1 at 8). He also filed a non-emergency medical request for a tooth cleaning on January 2. See (Doc. No. 26-1 at 9). The Medication Dispensing Log indicates that Plaintiff was given all four of his prescribed medications on January 7, 2017. See (Doc. No. 26-1 at 10).

Quintero is unaware of any time that Plaintiff was punished more severely than any other inmate for committing the same offense. At no time was he punished because he was accused of sexual offenses and the Sheriff does not have such a policy.

**(B)** **Affidavit of Sheriff James Harwood** (Doc. No. 26-2)

Defendant Harwood is Sheriff of Madison County. It is impossible for the temperature in the Detention Center to drop to 19 degrees. For that to occur, the HVAC would have had to fail and alarms would have triggered a warning of failure. No such failure occurred.

Defendant Harwood never told Detention Center employees to place Plaintiff or any other inmate in a cold cell. They consistently render punishment fairly for violations of jail policy and do not discriminate against inmates who have been accused of sexual offenses.

**(C)** **Affidavit of Pete Perdomo** (Doc. No. 26-3)

Pete Perdomo is employed by MB Haynes, an electrical, plumbing, and HVAC contractor based in Asheville which maintains the HVAC system in the Madison County Detention Center. The system is set up so that the temperature in each pod is maintained between 68 and 70 degrees. If the temperature in a pod or in the jail ever reaches 44 degrees, an alarm is tripped warning of the failure. MB Haynes has never had any such issue with this heating system.

## II. LEGAL STANDARDS

**(1)** **Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fec. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party."

Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion. Celotex, 477 U.S. at 324; Kipps v. Ewell, 538 F.2d 564, 566 (4th Cir. 1976); Fed.R.Civ.P. 56(e).

A verified complaint is the equivalent of an opposing affidavit for summary judgment purposes when the allegations are based on personal knowledge. Davis v. Zahradnick, 600 F.2d 458, 459–60 (4th Cir.1979) (holding that the factual allegations contained in a verified complaint establish a prima facie case under 42 U.S.C. § 1983, so as to preclude summary judgment). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" Smith v. Ozmint, 578 F.3d 246, 254 (4th Cir. 2009) (citing Scott v. Harris, 550 U.S. 372, 380 (2007)).

**(2)   Deliberate Indifference**

"Prisoners alleging that they have been subjected to unconstitutional conditions of confinement must satisfy the Supreme Court's two-pronged test set forth in Farmer v. Brennan, [511 U.S. 825, 832 (1994)]." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). First,

"Farmer's objective prong requires plaintiffs to demonstrate that 'the deprivation alleged [was], objectively, sufficiently serious.'" Scinto, 841 F.3d at 225. In order to be sufficiently serious, the deprivation must pose "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from ... exposure to the challenged conditions." De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citation omitted).

## III. DISCUSSION

Plaintiff alleges that he was subjected to cruel and unusual conditions of confinement at the Detention Facility. Defendant Harwood disputes these claims and has come forward with affidavits and Jail records revealing that Plaintiff was in a regular dorm with access to a sink, toilet, bed, and blanket, and that the Detention Facility's HVAC system was operational at the relevant times. Although Plaintiff did not respond to the summary judgment motion, his verified complaint can be considered as an opposing affidavit on summary judgment and his version of the events contained in his Amended Complaint is blatantly contradicted by all available evidence. Given the affidavits and documents presented by Defendants, no reasonable jury would accept Plaintiff's allegations in his Amended Complaint about the conditions of his confinement. See Smith, 578 F.3d at 254 ("Although the undersigned does not make a credibility determination, '[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'") (citing Scott, 550 U.S. at 380). Nor does Plaintiff refute Defendant Harwood's evidence that Harwood never told Detention Center employees to place Plaintiff in a cold cell and had no custom or policy to discriminate against inmates who have been accused of sexual offenses. Plaintiff appears to rely on a theory of

7

*respondeat superior* against Defendant Harwood in his official capacity, which provides no basis for § 1983 relief.

Plaintiff has failed to satisfy his burden on summary judgment and therefore Defendant Harwood's Motion for Summary Judgment will be granted and this case will be closed.

## IV.    CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment is granted and this case will be closed.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Harwood's Motion for Summary Judgment, (Doc. No. 26), is **GRANTED**.
2. The Clerk of Court is instructed to close this case.

Signed: June 7, 2019

Frank D. Whitney
Chief United States District Judge